# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS RYAN, SUSAN RYAN, SEAN GALLAGHER, ASHLEY SULTAN GALLAGHER, MICHELE BURT, CHRISTOPHER CERASUOLO, NANCY DONOVAN, and LAUREN LADUE individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>GREIF, INC., CARAUSTAR INDUSTRIES, INC., THE NEWARK GROUP, INC., MASSACHUSETTS NATURAL FERTILIZER CO., INC., OTTER FARM, INC., SEAMAN PAPER COMPANY OF MASSACHUSETTS, INC., and 3M COMPANY,<br><br>    Defendants. | Civil Action No. 4:22-cv-40089 |

### DEFENDANT MASSACHUSETTS NATURAL FERTILIZER CO., INC.'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant Massachusetts Natural Fertilizer Co., Inc. ("MNF") moves to dismiss Counts One, Three, Five, Six, Seven, Thirty-Four, and Thirty-Five of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. In further support hereof, MNF adopts and joins the reasoning and arguments of Seaman Paper Company of Massachusetts, Inc. ("Seaman Paper") and Otter Farm, Inc. ("Otter Farm") set forth in their Motion to Dismiss Second Amended Complaint and accompanying Memorandum of Law (the "Seaman-Otter Memo"). Specifically:

- Plaintiffs' claim for medical monitoring, Count One of the Complaint, should be dismissed for failure to state a claim. As demonstrated in Section B.5 of the Seaman-Otter Memo, medical monitoring claims must be specifically pled with required

**Error! Unknown document property name.**
268350430.v4

- elements. Here, the Complaint fails to allege the stringent required elements of a claim for medical monitoring – including allegations of subcellular injury – and instead is vague and conclusory. The reasoning set forth in Section B.5 of the Seaman-Otter Memo applies to MNF, and Count One should be dismissed as to MNF.

- Plaintiffs' Third Count alleging violations of the Massachusetts Consumer Protection Act, Mass Gen. Laws Ann. ch. 93, §§1, *et seq.* ("MCPA") against MNF are procedurally flawed because Plaintiffs fail to allege a condition precedent to pursuing these causes action. That is, Plaintiffs fail to allege that they provided the statutorily required 30-day notice *in advance of filing the Complaint*, nor could they so allege. Further, Plaintiffs have failed to establish that MNF knowingly and recklessly deceived Plaintiffs. For the purposes of these flaws, and as further set forth in Sections B.1 and B.2 of the Seaman-Otter Memo, MNF is in the same position as Seaman Paper and Otter Farm. Count Three should be dismissed against MNF.

- Count Five of the Complaint, alleging public nuisance, should be dismissed. As analyzed in Section B.6 of the Seaman-Otter Memo, a claim for public nuisance requires that Plaintiffs sustain a special, peculiar, and distinct injury, different from the general public. Such an allegation is lacking here, nor could such an allegation be made. MNF is in the same position as Seaman Paper and Otter Farm for the purposes of the public nuisance claims, and Count Five should be dismissed against MNF.

- Count Six, a claim for strict liability based on an ultrahazardous activity, should be dismissed. As set forth in Section B.3 of the Seaman-Otter Memo, the theory of strict liability applies only to *activities*, not materials. The "activity" engaged in by MNF is composting, *as permitted by the Massachusetts Department of Environmental Protection*.

There is no plausible allegation that composting is somehow "ultrahazardous"; therefore, Count Six should be dismissed.

- Plaintiffs' Count Seven should be dismissed, which alleges willful and wanton conduct against MNF. As examined in Section B.9 of the Seaman-Otter Memo, a claim for willful and wanton conduct must plausibly allege that a risk of severe injury or death is likely, due to defendant knowingly and intentionally disregarding an unreasonable risk. Here, MNF was simply conducting lawful composting operations as part of its routine business, as licensed by the Massachusetts Department of Environmental Protection. Count Seven fails to state a claim, and should be dismissed.

- Counts Thirty-Four and Thirty-Five, alleging violations of RICO, should be dismissed, as thoroughly analyzed in Sections B.7 and B.8 of the Seaman-Otter Memo. The Plaintiffs' RICO counts fail to assert fraud with particularity, and fail to assert conduct, an enterprise, and a pattern of racketeering activity within the meaning of RICO. MNF is in the same position as Otter Farm and Seaman Paper for the purposes of the RICO allegations, and these counts should be dismissed.

For the above-stated reasons, MNF requests that its Motion be granted.

Respectfully submitted,

**MASSACHUSETTS NATURAL FERTILIZER COMPANY, INC.**,
By its attorney,

   *George F. Hailer /s/*
George F. Hailer (BBO #554793)
Lawson & Weitzen LLP
88 Black Falcon Avenue, Suite 345
Boston, Massachusetts 02210
617-439-4990
ghailer@lawson-weitzen.com

Dated: March 15, 2023

CERTIFICATE OF SERVICE

I certify that on March 15, 2023 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's ECF system and served upon counsel of record through the Court's ECF system.

_____*George F. Hailer /s/*_____
George F. Hailer