# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

THOMAS RYAN, *et al.*,

    Plaintiffs,

     v.

GREIF, INC., *et al.*,

    Defendants.

Civil Action No. 4:22-cv-40089-NMG

## DEFENDANT 3M COMPANY'S
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendant 3M Company respectfully moves to dismiss the claims against it in the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiffs allege that they were injured when paper manufacturers illegally dumped waste containing per- and polyfluoroalkyl substances ("PFAS") at a composting facility near their homes. They allege that the paper manufacturers and the composting facility conspired to hide this unlawful dumping from Massachusetts regulators. They also allege that 3M sold products containing PFAS to the paper manufacturers and accuse 3M of failing to warn of the dangers of PFAS. Plaintiffs' claims against 3M fail for several reasons.

First, each of Plaintiffs' claims requires them to plausibly plead that 3M's conduct proximately caused their injuries. Plaintiffs have failed, however, to plead which 3M products allegedly harmed them, when those products were allegedly sold to the paper manufacturers, whether 3M had any knowledge of the paper manufacturers' allegedly unlawful conspiracy, what warnings 3M included with its products, and how 3M's provision of different or additional

warnings would have stopped the paper manufacturers and the composting facility from engaging in conduct that, according to Plaintiffs, the manufacturers and facility already knew was harmful and unlawful. Plaintiffs have therefore failed to plausibly plead causation and all of their claims against 3M should be dismissed on this basis.

Second, Plaintiffs' design-defect claim should be dismissed for the additional reason that Plaintiffs neither identify the 3M product that allegedly harmed them nor allege that a safer, alternative design existed.

Third, Plaintiffs' claims under Mass. Gen. Laws ch. 93A should be dismissed for the additional reason that Plaintiffs do not allege that their injuries resulted from a transactional relationship with 3M, as required by the statute.

WHEREFORE, Defendant 3M respectfully asks that the Court dismiss all of the claims against it.

Date: March 15, 2023　　　　　　　　Respectfully submitted,

By: */s James M. Campbell*
James M. Campbell (BBO#541882)
Trevor J. Keenan (BBO#652508)
Jacob J. Lantry (BBO#690452)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
jmcampbell@campbell-trial-lawyers.com
jlantry@campbell-trial-lawyers.com
tkeenan@campbell-trial-lawyers.com

Daniel L. Ring (*pro hac vice*)
Joseph M. Callaghan (*pro hac vice*)
Tyler D. Alfermann (*pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
talfermann@mayerbrown.com

*Attorneys for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of the filing to all counsel of record.

DATED: March 15, 2023

By: */s/ James M. Campbell*
James M. Campbell