# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

THOMAS RYAN, SUSAN RYAN, SEAN
GALLAGHER, ASHLEY SULTAN
GALLAGHER, MICHELE BURT, NANCY
DONOVAN, and LAUREN LADUE,
individually and on behalf of others similarly
situated,

Plaintiffs,

v.

CIVIL NO: 4:22-cv-40089-MRG

THE NEWARK GROUP, INC.,
MASSACHUSETTS NATURAL FERTILIZER
CO., INC., OTTER FARM, INC., SEAMAN
PAPER COMPANY OF MASSACHUSETTS,
INC., and 3M COMPANY,

Defendants.

## ORDER ON MOTION FOR RECONSIDERATION [ECF No. 362]

**GUZMAN, J.**

### I.    INTRODUCTION

Before the Court is Defendant The Newark Group, Inc.'s ("Newark") Motion for
Reconsideration of Court Order ECF No. 360, which denied motions for leave to amend for
purposes of joinder brought by Newark, the Plaintiffs, and Defendant 3M Company ("3M"). For
the reasons stated below, the Motion for Reconsideration is **DENIED.**

1

## II. LEGAL STANDARD

Newark moves for reconsideration under Federal Rule of Civil Procedure 60(b)(6)'s catchall provision, which allows a Court to revise a judgment and relieve a party from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b) is "'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" Unibank for Sav. v. 999 Private Jet, LLC, No. 4:18-40134-TSH, 2021 U.S. Dist. LEXIS 47588, at *2-3 (D. Mass. Feb. 3, 2021) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (citations omitted)). The catchall provision of Rule 60(b)(6) "is appropriate only when none of the first five subsections pertain and cannot be used to circumvent those subsections." Bronson v. United States, No. 19-2163 (RAM), 2024 U.S. Dist. LEXIS 225889, *3 (D.P.R. Dec. 11, 2024) (internal quotation marks and citations omitted). "[P]arties may not use Rule 60(b) as a vehicle for making arguments they could have made earlier." Emigrant Mortg. Co. v. Pinti, No. 16-11136-MLW, 2019 U.S. Dist. LEXIS 156875, *3 (D. Mass. Sep. 13, 2019) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

## III. DISCUSSION

Newark first argues that the Court should reconsider its prior order denying the joinder motion because it was untimely; however, in support for the extraordinary relief of Rule 60(b), Newark simply recites facts that were known and discussed in detail in prior pleadings and at the hearing on the original motion. The Court will not entertain reconsideration on the basis of rehashed facts that failed to persuade the Court the first time. The Court finds the same with regards to Newark's arguments that the proposed crossclaim entities would not be prejudiced. Newark already made these arguments unsuccessfully during consideration of the original motion.

Instead, the Court considers Newark's argument that this Court erred in its application of the "logical relation" test in light of the First Circuit's decision in <u>Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc.</u>, 121 F.4th 228 (1st Cir. 2024). The opinion in <u>Kress</u> was issued after briefing had closed in this matter and Newark was unable to raise the ruling in its arguments before this Court. However, upon close review, the <u>Kress</u> decision does not render any part of the Court's prior order erroneous.

The plaintiffs in <u>Kress</u> were local Puerto Rico merchants who sued major big-box retailers in Puerto Rico, alleging that the defendants failed to comply with the Governor of Puerto Rico's executive orders that limited retail sales to only "essential goods" for eleven months during the COVID-19 pandemic. <u>Id.</u> at 231. The plaintiffs, local retail competitors of the defendants, alleged that the defendants' status as supermarkets, i.e. "essential retailers," allowed them to remain open and sell all of their goods – including "non-essential" goods – thereby unfairly depriving the plaintiffs of sales. <u>Id.</u> The local-retailer plaintiffs sought damages for lost sales. <u>Id.</u> Among other issues, the First Circuit reviewed the District Court's application of the "transaction and occurrence" requirement for permissive joinder under Rule 20(a)(2)(A). <u>Id.</u> at 244. The court held that the same "transaction and occurrence" provision of Fed. Rule Civ. P. 13(a) should apply for Rule 20(a)(2)(A), which requires "only a 'logical relation' between the claims." <u>Id.</u> at 245 (quoting <u>Iglesias v. Mutual Life Insurance Co. of New York</u>, 156 F.3d 237, 241 (1st Cir. 1998), <u>abrogated on other grounds by</u> <u>Global NAPS, Inc. v. Verizon New England Inc.</u>, 603 F.3d 71 (1st Cir. 2010)). The court reaffirmed that a "'logical relation' between claims exists when 'the same aggregate of operative facts serves as the basis of both claims.'" <u>Id.</u> (quoting <u>Iglesias</u>, 156 F.3d at 241-42).

While <u>Kress</u> did indicate that the logical relation test should be construed broadly, <u>id.</u> at

245, the First Circuit did not rule in any way that would otherwise call into question any part of this Court's prior order. In <u>Kress</u>, the court engaged in a fact inquiry and considered the non-patent joinder factors from <u>In re EMC Corp.</u>, including, "whether alleged violations 'occurred during the same time period,' whether there was 'some relationship among the defendants,' and 'whether the case involves a claim for lost profits.'" <u>Kress</u>, 121 F.4th at 247 (quoting <u>In re EMC Corp.</u>, 677 F.3d 1351, 1359-60 (Fed. Cir. 2012)). The court noted two <u>EMC</u> factors supported plaintiffs' joinder arguments, namely, that the defendants' alleged violations of the executive orders did occur during the same eleven-month period and the plaintiffs were asking for lost profits as damages. <u>Id.</u> Further, the First Circuit cited to <u>Courthouse News Serv. v. Schaefer</u>, 2 F.4th 318, 325 (4th Cir. 2021) for the proposition "that it is not an abuse of discretion for a district court to permit joinder when a plaintiff has sued multiple defendants for similar but independent conduct that occurred in the same time period and in the same place." <u>Kress</u>, 121 F.4th at 248.

Newark raises these sections of <u>Kress</u> to argue that the apparently independent conduct of the proposed crossclaim entities should suffice for joinder because the conduct concerned the same time period and the same place: MassNatural's composting facility in Westminster, MA. Newark's proffer is misleading. The time period in <u>Kress</u> was a mere eleven months confined within the very specific context of the COVID-19 pandemic. The time period in question in this case ranges from 1987 to the present – a span of over 35 years. In those three-plus decades, regulations and technology have changed over time and it can hardly be said that such a long range of time constitutes the "same time period" contemplated by <u>Kress</u>. There may be only one composting facility at issue here, but the over fifteen proposed crossclaim entities Newark seeks to join come from different industries with different waste products. As the Court said in its prior order, to adjudicate any claims against the proposed crossclaim entities would require

4

individualized factual determinations that would undermine judicial efficiency and delay the case. Additionally, in considering the three non-patent EMC factors referenced in Kress, none support a finding of the same transaction and occurrence here. As stated, the alleged violations did not occur during the same time period. There is no "relationship among the defendants" – there is merely a relationship between each individual proposed crossclaim defendant and MassNatural. Otherwise, the proposed entities are unrelated. And, unlike Kress, this case does not involve a claim for lost profits.

Kress likewise did not discuss the meaning of the word "operative" in the logical relation test, which again, requires that "'the same aggregate of operative facts serves as the basis of both claims.'" Kress, 121 F.4th at 245 (quoting Iglesias, 156 F.3d at 241-42). In the prior order, this Court interpreted the language of the logical relation test and stated,

> Operative facts are not simply "common fact[s]" or "tangential" shared facts, but rather "core facts" that underly the theory of liability of the legal claims in question. Salas v. Biter, No. 22-16767, 2024 U.S. App. LEXIS 26027, at *4 (9th Cir. Oct. 16, 2024) (citing Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012)). Such operative facts here would include the crossclaim entities' knowledge or reasonably expected knowledge of PFAS use in their industries, and/or their knowledge that their materials would end up at MassNatural.

[ECF No. 360 at 34–35]. In doing so, the Court was applying the same inquiry as Kress; however this case is more complex than Kress with claims that are more fact-sensitive than Kress. Kress was a simpler case where the "operative" facts were not as specific because the claims themselves were broader. A toxic tort claim for negligence, as is made here, considers what a defendant knew or should have known about harmful chemicals used in its manufacturing processes and whether it followed proper protocols to dispose of its waste safely. This inquiry is far more complicated and fact-intensive than a claim for mere unfair competition. That the Court required a specific level of operative facts in this case is not surprising and serves the Court's duty to manage the

scope of the liability and administration of case management.

Finally, nothing in <u>Kress</u> limited the Court's broad discretion to deny motions for joinder on the basis of judicial efficiency, prejudice, and delay – even where the requirements of Rule 20 are met. <u>See</u> <u>Local 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.</u>, No. 13-cv-11455-ADB, 2015 U.S. Dist. LEXIS 157248, at \*7–8 (D. Mass. Nov. 20, 2015). Accordingly, the Court finds that the First Circuit's decision in <u>Kress</u> does not disturb its prior ruling, and Newark has failed to demonstrate that it merits the rare and extraordinary relief contemplated by Rule 60(b).

## IV. CONCLUSION

For the reasons stated above, the Motion for Reconsideration [ECF No. 362] is **<u>DENIED</u>**.